UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

In re

CHARLES RAY SUTTON &  Case No. 04-34859
MELISSA L. SUTTON
    Debtor(s)  Chapter 7

_____

H. ALLEN GLENN  Ad. Proc. 04-03316
    Plaintiff

v.

CHARLES RAY SUTTON &
MELISSA L. SUTTON
    Defendant(s)

### MEMORANDUM OPINION

THIS CORE PROCEEDING[1] comes before this Court on Plaintiff Creditor H. Allen Glenn's ("Creditor") Complaint Objecting to Discharge of the Debtor (sic) or to Determine Dischargeability of Certain Debts under 11 U.S.C. §523,[2] the Debtors' Answer, and the Creditor's Reply to Answer. Both Creditor and Debtors were pro se in this matter.

A trial was held on May 16, 2005, but only the Defendant Debtor, Melissa L. Sutton,

---

[1] See 28 U.S.C. §157(b)(2).

[2] Although the Plaintiff did not state which code section he was moving under in his complaint, 11 U.S.C. §523 was checked on the cover sheet accompanying his original complaint. The cover sheet was docketed with the complaint.

1

appeared. All parties received notice of the date, time and location of the trial. Ms. Sutton took the witness stand and testified regarding the transactions in question with the Creditor.

Based upon the Complaint, Answer and Response to the Answer, the testimony of Ms. Sutton, and the entire record in this case, this Court finds the debt DISCHARGEABLE.

## Findings of Fact

The Defendant Debtors, Melissa and Charles Sutton ("Debtors"), owned and operated a computer business in Florida. The Debtors needed capital to open their business. The Debtors met the Creditor through a mutual acquaintance and entered into a loan agreement with him for $8,000 ("First Loan"). As a condition of the loan, the Debtors signed a Promissory Note and a document entitled "Collateral for Loan." The Promissory Note set forth the payment schedule and contained an "ipso facto" provision, which made the note due immediately if the Debtors filed for bankruptcy. The Promissory Note also contains a handwritten provision that states "lender not to be included as creditor." This note is not initialed by either of the Debtors, and Ms. Sutton testified that this was not present when she originally signed the note. The Collateral for Loan document lists both business and personal property which were to serve as collateral for the loan. No documentation was offered showing that any of these documents had been filed or that the lien was perfected.

The Debtors made the regular scheduled payments on the First Loan. On August 7, 2001, the Debtors paid off the First Loan in full and took out a second loan for $10,000 ("Second Loan") under the same terms. The Second Loan was taken out to finance a job which the Debtors' computer business had successfully bid on. Ms. Sutton testified that the Debtors needed cash flow to do the job and believed that the job would provide them with adequate profit to pay back the loan. The

customer, however, failed to pay for the work. According to the testimony of Ms. Sutton, sixty days after the Second Loan was taken out, Mr. Sutton left her and their two children. Ms. Sutton soon after moved to Kentucky but stated she still intended to repay the loan. Ms. Sutton further testified that at the time she took out the Second Loan she intended to repay the debt in full but was unable to do so following her unexpected separation from her husband and the failure of the customer to pay for the work.

The Creditor is claiming a principal debt of $9,436.22, plus service fees and late charges for a total of $14,298.98.

## Conclusions of Law

11 U.S.C. §523(a)(2) states:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt
    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-
        (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

To fulfill the standard set forth in §523(a)(2)(A), a creditor must show (1) the debtor made a material misrepresentation, either knowingly or with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the debtors representation; and, (4) the creditors reliance was the proximate cause of the subsequent loss. *In re Rembert*, 141 F.3d 277, 280-281 (6th Cir. 1998). The Debtors' intent is determined by looking at the totality of the facts in the case in question. *Id.* at 281-282. As with all challenges to dischargeability of debts, the creditor must prove his case by a preponderance of the evidence, and all exceptions are strictly construed against the creditor. *Id.* at 281.

In the present case the Creditor cannot meet the burden imposed by 11 U.S.C. §523(a)(2)(A). In his Complaint and Reply to Answer, the Creditor alleges that the Debtors took out a loan from him and failed to repay their debt. The Debtors admit to this. Failure to repay a loan, however, is not sufficient grounds to find a debt nondischargeable. The Creditor must be able to show that the Debtors materially misrepresented facts to obtain this loan, or that the Debtors intended to deceive him when requesting the loan. The Creditor cannot meet this burden in the present case.

Ms. Sutton testified at trial that the Debtors took out the First Loan and the subsequent Second Loan with the intentions of paying each back. The Debtors did in fact pay back the First Loan in full. The Second Loan was taken out, according to Ms. Sutton, to help finance a job that would profit the company. Shortly after this loan was taken out, the Debtors separated and Ms. Sutton moved to Kentucky. The job taken by the Debtors ultimately did not pay, and the business subsequently closed. This Court finds Ms. Sutton's testimony to be credible, and the Creditor has offered no evidence or testimony to contradict her statements. The Creditor has not, therefore, shown that the Debtor made a material misrepresentation with the intent of deceiving the Creditor. Without such a showing, the Creditor's attempt to utilize §523(a)(2)(A) must fail.

In his complaint, the Creditor also attempts to argue that the debt should be held nondischargeable because the Promissory Note states that "this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice...[upon] the filing of bankruptcy proceedings involving the Borrower as a Debtor." This type of contract provision is commonly referred to as an "ipso facto clause."[3] Ipso facto clauses are specifically addressed and

---

[3] An ipso facto clause is any contract provision which "specifies the consequences of a party's bankruptcy." Black's Law Dictionary (8th ed. 2004).

prohibited by 11 U.S.C. §541(c)(1)(b), which states:

> [A]n interest of the debtor in property becomes property of the estate...notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law –
> (B) that is conditioned on the insolvency of financial condition of the debtor, on the commencement of a case under this title...and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

The Debtor cannot contract the prohibition on ipso facto clauses away, nor can a Creditor enforce such a provision even if the Debtor agrees to it. Therefore, despite the Creditor's attempt to contract around the jurisdiction of the Bankruptcy Court, this Court has jurisdiction over the dischargeability of the debt owed to the Creditor by the Debtor. As explained above, the Creditor cannot meet the burden imposed by the Bankruptcy Code, and the debt is DISCHARGED.

A separate Order consistent with the foregoing has been entered in accordance with the Federal Rule of Bankruptcy Procedure 9021.